*THOMAS E. MOSS, IDAHO BAR NO. 1058*
*UNITED STATES ATTORNEY*
*WENDY J. OLSON*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA IV, SUITE 600*
*800 PARK BOULEVARD*
*BOISE, IDAHO 83712-9903*
*TELEPHONE: (208) 334-1211*
*FACSIMILE: (208) 334-1038*

*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | CR No. 03-156-S-BLW |
| Plaintiff,    ) | |
| ) | GOVERNMENT'S OPPOSITION |
| vs.    ) | TO RESENTENCING |
| ) | |
| KELLY GORDON JENKINS,    ) | |
| ) | |
| Defendant.    ) | |
| _____ ) | |

The United States of America, through the undersigned Assistant United States Attorney, and in response to the Court's Order of March 15, 2006, and the defendant's memorandum in support of resentencing filed on April 17, 2006, states that resentencing is not warranted in this case for the following reasons:

1

**Procedural Background and District Court's Imposition of Defendant's Sentence**

On the third day of trial, following his own testimony and cross-examination by the United States at the end of the second day of trial, defendant Kelly Jenkins pled guilty to all charged offenses then being tried, and the United States agreed to dismiss other charges that had been severed prior to trial and not to pursue any charges against the defendant based on what had occurred at trial, including possible perjury charges.  Defendant Jenkins pled guilty to one count of using the internet to attempt to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), eleven counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of criminal forfeiture in accordance with 18 U.S.C. §§ 2253(a)(1) and (3).

The initial and revised presentence investigation report (PSIR) set the offense level at 25, with a criminal history category of I and a sentencing guidelines range of 57-71 months.  The PSIR indicated that there were no identifiable grounds for a downward departure and concluded that the defendant did not qualify for a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he had engaged in the same conduct with which he was charged while on supervised release and had lied about that while testifying at trial.  The defendant moved for a downward departure on a number of grounds, including his family circumstances, his age, the disparity in plea practices between the state and federal prosecutors in cases involving use of the internet to entice a minor to engage in sexual activity and the fact that his conduct that gave rise to the conviction in count one was "less serious" than the "typical conduct" covered by other cases involving convictions under 18 U.S.C. § 2422(b) because his case involved a sting operation and there was no actual victim.  The defendant also objected to the PSIR's failure to give him credit for acceptance of responsibility, based on his guilty plea.  The defendant did not

object to any of the specific offense characteristic enhancements on any of his counts of conviction.

At the March 22, 2004, sentencing hearing, the Court *sua sponte* raised the possibility of a downward departure based upon the relative closeness in age of the defendant to the age of the alleged victim in count one, which charged the defendant with using the internet to attempt to entice a minor to engage in sexual activity. After hearing argument from the parties, the Court denied all of the motions for downward departure, finding that the Court did not have the discretion to depart based on the disparity in plea practices between the federal and state prosecutors or based on the relative closeness in age between the defendant and the alleged victim. The Court, however, did find that the defendant was entitled to a two level reduction for acceptance of responsibility. The Court determined that the correct offense level was 23, with a guidelines range of 46-57 months. The Court then sentenced defendant Kelly Jenkins to a term of 46 months imprisonment on each count of conviction, to be served concurrently.

The defendant appealed the Court's sentence, arguing on appeal that the Court had erred in its finding that it did not have the discretion to depart based on the relative closeness in age between the defendant and the victim in count one, and, based on *Blakely v. Washington*, 124 S.Ct. 2531 (2004), on the grounds that the Court had improperly increased his base offense level on count one two levels based on the age of his victim because there had been no admission or finding of fact by the jury that the victim was under 16. The defendant did not appeal the Court's use of the specific offense characteristics to enhance his base offense level on any of the possession of child pornography counts which, like count one, carried a 46 month sentence.

In a two paragraph opinion issued on January 9, 2006, the Ninth Circuit Court of Appeals remanded the sentence for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005). Memorandum, No. 04-301257 (January 9, 2006).

**Procedures for Imposing Sentence After Booker**

As was the case before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), the starting point for the imposition of sentence under Section 3553(a) is the correct calculation of the defendant's Guidelines range.  *United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006), citing, *United States v. Mashek*, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005), and *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005); *see also United States v. Zavala*, ____ F.3d ____, 2006 WL 914528 (9th Cir., Apr. 11, 2006).  Despite the defendant's argument on appeal that this Court erred in finding it did not have discretion under the guidelines to depart downward, the Ninth Circuit remand opinion did not include a finding that the guidelines had been incorrectly calculated, nor does the defendant now argue that is the case in his request for resentencing.

Post *Booker*, defendant Jenkins' sentence has become an advisory Guidelines sentence. Having correctly calculated defendant Jenkins advisory Guidelines range, the Court may now consider whether to sentence Jenkins outside that range, so long as the final sentence is reasonable.  *Cantrell*, 433 F.3d at 1280, 1280 n.5,  recognizing that the Ninth Circuit's procedures for post-*Booker* sentencing are consistent with those of the Fifth, Sixth, Eighth, and Eleventh Circuits, citing, *United States v. Gibson*, 409 F.3d 324, 338-39 (6th Cir. 2005); *United States v. Crawford*, 407 F.3d at 1179 (11th Cir. 2006); *United States v. Mashek*, 406 F.3d at 1015-17; *United States v. Villegas*, 404 F.3d 355, 361-62 & n. 7 (5th Cir. 2005) (per curiam).

"As the Supreme Court pointed out in *Booker*, § 3553(a) makes the Guidelines sentencing range a required consideration, *see* § 3553(a)(4), but 'permits the court to tailor the sentence in light of other statutory concerns as well.'"  *United States v. Menyweather*, 431 F.3d 692, 696 (9th Cir. 2005), *quoting United States v. Booker*, 125 S.Ct. at 757.  This Court may now determine whether the circumstances of this particular case and the factors set forth in 18 U.S.C.

4

Section 3553(a) require defendant Jenkins' sentence to remain within the advisory Guidelines range or allow a sentence outside that range.  The ultimate sentence, to be reasonable, should be guided by the factors outlined in 18 U.S.C. § 3553(a).  *Booker*, 125 S.Ct. at 766; *Cantrell*,433 F.3d at 1279.  "Those factors include the available sentences, the applicable Guidelines range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care."  *Booker*, 125 S. Ct. at 766.

Appellate courts continue to review "the district court's interpretation of the Sentencing Guidelines *de novo*, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error."  *Cantrell*, 433 F.3d at 1279 (quoting *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)).

**Application of Post-Booker Sentencing Procedures to the Defendant's Sentence**

Defendant Jenkins asserts that he should be resentenced on the basis that the Court now has discretion under 18 U.S.C. § 3553(a) to consider, with respect to count one, his relative closeness in age to his alleged victim and the disparity in plea practices between the state and federal prosecutors in cases involving use of the internet to entice minors to engage in sexual activity.

In seeking resentencing, the defendant ignores his convictions and sentences for possessing child pornography, for which this Court, as it did in imposing sentence on count one, imposed a sentence of 46 months.  At no time in the sentencing proceedings or on appeal has he contended that he did not possess, on a zip disc, images showing minors engaged in sexually explicit conduct.  At no time has he contested the evidence that at least two of the images of known victims were of prepubescent females, that is, females under the age of 12.  Thus, while

he does argue that there may be reasons for the Court to reduce his sentence with respect to count one, he provides no basis for this Court to reduce his sentence with respect to any of the counts of possessing child pornography of which he was convicted.

In addition, consideration of the 18 U.S.C. § 3553(a) factors does not warrant a sentence less than the 46 month sentence imposed. As set forth above, these factors include the nature, circumstances and seriousness of the offense, the history and characteristics of the defendant, the need for the sentence to promote respect for law, the need for personal and general deterrence, the need to protect the public from future crimes of the defendant, the kinds of sentences available, the advisory guidelines range, policy statements of Congress, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct and the need to provide restitution to the victim. In fact, consideration of these factors demonstrates that the reasonable sentence is 60 months, the mandatory minimum sentence enacted by Congress in 2003 for violations of 18 U.S.C. § 2422(b).

      1.      <u>Nature, Circumstances and Seriousness of Offense</u>

Congress has determined time and time again that crimes involving the sexual exploitation of minors are among the most serious category of offenses prosecutable by the federal government. In the Protect Act of 2003, which was passed after this defendant's offense but prior to his conviction and initial sentencing, Congress imposed a mandatory minimum of five years imprisonment for the offense of which the defendant was convicted in count one, increased the statutory penalties for a host of other crimes involving the sexual exploitation of children, including the possession of child pornography, and amended the guidelines to both increase the applicable guidelines range and to preclude certain downward departures, including a downward departure for aberrant conduct, for persons convicted of crimes involving the sexual

6

exploitation of children.  *See* 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2422, 2423; U.S.S.G. §§ 2G2.1, 2G2.2, 2K2.0, 2K2.10, 2K2.13, 2K2.20.

      The crimes of which the defendant was convicted are among the most serious kind of crime prosecuted by the federal government because the victims of these crimes, children, are the most vulnerable members of society; they are the members of society who rely on adults to guide them, help them and protect them.  While on resentencing defendant Jenkins is subject neither to the mandatory minimum nor to the increased guidelines in calculation of the advisory guidelines range, the United States submits that these changes in the law that recognize the seriousness of the defendant's offenses support a reasonable sentence of 60 months.

      The nature and circumstances of the defendant's conduct in this particular case also support a reasonable sentence of 60 months.  The totality of the defendant's conduct shows that he engaged in a pattern of sexually exploiting minors and attempting to sexually exploit minors.  His conduct was not that of an immature 20 year old, or even the perhaps understandable attraction of a man just over the age of majority to a female just under the age of majority.  Rather, the defendant in the fall of 2002 demonstrated aggressive sexual behavior toward minor females he did not know and who were five to at least nine years younger than him.  The offenses of which the defendant was convicted involved victims six to at least nine years younger than him.

      The defendant's conduct in this case involved not only use of the internet to attempt to solicit a minor the defendant believed to be 14 years old to engage in sexual activity, but also involved the possession of twenty-six images of known children involved in sexually explicit activity.[1]  In addition to these images, the defendant possessed a number of other digital

---

[1] These are the images that Eileen Cho, the FBI analyst from Los Angeles, identified as matching known items of child pornography in the FBI's database.  Ms. Cho testified that the

7

photographs of children in sexually explicit poses that appeared to have been taken in an area consistent with the topography of southwestern Idaho. The prepubescent anatomical features of the children demonstrate that many of them are under the age of 12.[2] The defendant, who turned 21 a month after the conduct at issue, aggressively and repeatedly over a four month period of time, solicited sex with undercover Ada County deputy sheriffs posing first as a 15 year old girl and later, in December of 2002, as a 14 year old girl.

At trial, the United States introduced as exhibits 6-8 internet chats between the defendant and deputies posing as a 15 year old girl. In the first chat, exhibit 6, on September 11, 2002, the defendant offered to pay for sex immediately, claiming to be a 19 year old male and indicating it was okay that the person he was communicating with was a 15 year old girl. The defendant also offered money for sex in chats on both September 30, 2002 (exhibit 7), and October 7, 2002 (exhibit 8).[3]

In his chats with "boredboisegirl14" in November and December of 2002, the defendant also offered to pay money for sex, actually increasing from the September and October chats the amount of money he was offering, and, in the November 29, 2002, chat, offering to pay even more money if the sex were immediate and he did not have to wait. He again misrepresented himself to be 19 rather than 20 and said he was okay with "boredboisegirl14" being only 14.

---

known items involved either items in which the minors in the images have been identified or in which the images predate modern computer technology.

[2]The images of child pornography were not introduced during the trial as the defendant stipulated that they contained images of minors engaged in sexually explicit conduct. They also were not introduced during the March 2004 sentencing hearing. The United States will have them marked as exhibits and available for the Court to review if necessary to resolve any of the guidelines issues or for consideration of the 18 U.S.C. § 3553(a) factors.

[3]The United States intends to resubmit these exhibits, along with exhibits 1-4, at the May 19, 2006, sentencing hearing.

On December 4, 2002, the defendant then traveled to what he believed was a 14 year old girl's apartment on Marvin Lane in Boise to have sex with her. Of course, the defendant had never met this "14 year old girl" before, had had little contact with "her" about topics other than engaging in sexual activity for money, and knew only of "her" physical appearance through online representations that she was 5'4" and 100 pounds and dressed like a school girl. The defendant told "boredboisegirl14" in their December 4, 2002, chat that began around 12:30 p.m. that when he arrived for their sexual encounter, he wanted her wearing red thong underwear, no bra, a black leotard and a black leather skirt. In short, the defendant's conduct in no way approximated a lawful attraction of one person to another; it involved aggressive and predatory behavior by a man who possessed a number of images of child pornography toward a person he believed was, at best, in junior high.

      2.      <u>History and Characteristics of the Defendant</u>

The history and characteristics of the defendant also weigh in favor of a reasonable sentence of 60 months. As set forth above, over a four month period of time, a period of time in which he also possessed items of child pornography, the defendant repeatedly and aggressively solicited sex for money from persons he believed were 15 and 14 year old girls. The defendant argues, and the parties addressed at the initial sentencing hearing in this case in March of 2004, that the relative closeness of his age–20 at the time of the offense, 21 a month later–to the age of his victim in count one–warrants a different outcome on resentencing. The premise underlying this argument is that there is really considerably less harm where a relatively young man naturally is attracted to a teenage girl. Such an argument ignores the defendant's convictions for possessing child pornography, is contrary to law, is contrary to the facts of this case and is contrary to other investigations and prosecutions involving the sexual exploitation of minors.

First, such an argument completely ignores the defendant's convictions for possessing images of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4). This Court imposed a sentence of 46 months on each of those counts to run concurrent to the defendant's sentence on count one. In addition, the defendant's conviction on these counts underscores the fact that this case involved much more than a relatively young man being naturally attracted to a teenage girl.

Second, there is no basis in any of the statutes of conviction, the underlying state statute, or the United States Sentencing Guidelines to reduce a person's punishment based on the closeness of his age to the victim. All of the federal statutes prohibiting the sexual exploitation of minors establish that a minor is under the age of 18. *See* 18 U.S.C. §§ 2256(1), 2422, 2423.[4] The statute of conviction for Count One, 18 U.S.C. § 2422(b), required the United States to prove: (1) that the defendant used a facility or means of interstate commerce, that is, the Internet; (2) that the defendant used the Internet to knowingly attempt to persuade or induce or entice or coerce a person who the defendant believed to be under eighteen years of age, to engage in sexual activity; and (3) that the sexual activity was in violation of Idaho law, in this case Idaho Code 18-1508. Idaho Code 18-1508 makes it unlawful for a person to "commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, . . . when any of the acts are done with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person, such

---

[4]Federal statutes that prohibit the sexual abuse of children provide criminal liability where the victim is under the age of 16 or at least four years younger than the perpetrator. *See* 18 U.S.C. § 2241, 2243, 2244. In any event, this defendant, who was 20 at the time of his offenses and one month shy of his 21st birthday, would have been criminally liable under all of these statutes since he believed his "victim" was 14.

10

minor child, or third party, shall be guilty of a felony." These criminal statutes make clear that it is the age of the victim, not the age of the perpetrator, that is the relevant consideration.

Third, the defendant's conduct demonstrates that this case did not involve the natural attraction of a relatively young man to a teenage girl. As set forth above, this defendant was not seeking any kind of a relationship with "boredboisegirl14". He had met "her" only through their internet chats in which he immediately, aggressively and repeatedly solicited sex for money. He offered to pay "her" more for immediate gratification. And he engaged in all of this conduct at the same time that he possessed child pornography.

Fourth, this defendant is squarely within the demographic characteristics that typify offenders who use computers to sexually exploit minors. According to a 2005 study conducted by the National Center for Missing and Exploited Children that examined 1,713 arrests for internet crimes involving the sexual exploitation of children, almost all possessors of child pornography are male, 91 percent are white, 86 percent are over 25 and 3 percent are under 18.[5] In addition, 16 percent of child pornography possession cases arose in the criminal justice system as internet solicitations of undercover officers pretending to be minors. In addition, the Federal Bureau of Investigation in Idaho currently has three open sexual exploitation of minors investigations involving men between the ages of 21 and 25. Finally, there is a significant body of literature that addresses sex crimes against minors that are committed by juveniles. All of this suggests that the age of this defendant, on facts of this case, do not warrant a variance from the correctly calculated sentencing guidelines range.

---

[5]*Child-Pornography Possessors Arrested in Internet-Related Crimes: Findings from the National Juvenile Online Victimization Study*, Janis Wolak, David Finkelhor, Kimberly J. Mitchell (2005).

3. <u>The Need for the Sentence to Promote Respect for the Law, to Provide General Deterrence and to Provide Specific Deterrence</u>

The need for the sentence to promote respect for the law, to provide general deterrence and to provide specific deterrence also provides support for a reasonable sentence of 60 months. The defendant demonstrated throughout these proceedings that he does not have respect for the law. As a condition of the defendant's pretrial release, he was directed not to use the internet for purposes other than school. However, less than a month before his trial in October of 2003, the defendant used the internet to hook up with another female, an 18 year old woman he had first corresponded with online when she was 17. In addition, at the trial in this case, the defendant lied in both direct and cross examination about his encounter with this woman. He first claimed on direct examination that he had never used the internet to pursue another woman and he second denied on cross examination going on a date with this woman. Although the United States agreed not to pursue perjury charges against the defendant, this Court may consider these facts in examining the need to impose a sentence that will promote respect for the law and that will provide specific and general deterrence not only for the crimes of conviction but also for compliance with the terms of pretrial release and testifying truthfully under oath.

4. <u>The Need to Protect Society Against Future Crimes by the Defendant</u>

The need to protect society against future crimes by the defendant also weighs in favor of a reasonable sentence of 60 months. Although the psychosexual evaluation to which the defendant submitted on December 18, 2002, and January 9, 2003, concluded that the defendant has a low probability of committing another offense similar to the offense with which he was then charged in state court, that evaluation did not consider the defendant's possession of child pornography since the forensic computer examination was not conducted until March of 2003. In addition, the psychosexual evaluation concluded that the defendant's use of the internet to

12

solicit a 14 year old girl occurred largely based on the defendant's "misguided sense of entitlement, and his willingness to rationalize a 14 and 15 year old's ability to give genuine informed consent."

A defendant's "misguided sense of entitlement" and apparent inability to recognize the vulnerability of 14 and 15 year old girls causes significant concern that he will reoffend.  If the Court is to give weight to one side or the other on this factor, the United States submits that in cases involving the sexual exploitation of minors, society's most vulnerable victims, it is reasonable to weigh in favor of protecting children finding a sentence of 60 months to be reasonable.

      5.      <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

The need to avoid unwarranted sentencing disparities between this defendant and persons convicted of similar offense also weighs in favor of a reasonable sentence of 60 months.  As set forth above, sixty months is now the mandatory minimum for convictions under 18 U.S.C. § 2422(b) alone.  The defendant contends that this factor weighs in favor of a sentence of less than 46 months because of the disparity in plea practices between the state prosecutor and the United States Attorney's Office.  As set forth in the United States' opposition to the defendant's motion for a downward departure on this basis, such disparities do not provide the basis for a downward departure and should not provide a basis for a variance in this case.  In addition, the defendant cites only a difference in plea practices between the state prosecutor and the federal prosecutor with respect to the offense in count one, which, again, fails to take into consideration the defendant's possession of child pornography.  The express language of this factor in § 3553(a)(6) directs the court to consider "the need to avoid unwarranted sentencing sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Thus, even assuming that it is appropriate for the Court to consider the sentencing or

plea disparities between state and federal cases of this nature, the relevant points for consideration are the differences between persons convicted of both using the internet to solicit a minor *and* possessing child pornography.  Finally, if the Court were to vary here from the advisory guidelines range based on the differences in federal and state plea and sentencing practices, it would have to do so in every federal criminal case in which state charges could have been brought based on the same conduct.  Such a practice, in effect, would allow the state sentence to become the federal sentence.  The critical distinction here is that this defendant had every opportunity to avail himself of the more generous plea, and sentence, offered by the state prosecutor, but he chose not to do so.

      6.      <u>Consideration of the United States Sentencing Guidelines and Pertinent Policy Statements</u>

The United States Sentencing Guidelines in this case established a guidelines range, after credit for acceptance of responsibility, of 46-57 months.  The high end of that guidelines range is consistent with the 60 month reasonable sentence warranted under consideration of the other 18 U.S.C. § 3553(a) factors.

**<u>Conclusion and United States' Sentencing Recommendation on Resentencing</u>**

For the reasons set forth above, the United States opposes resentencing in this case.  This Court previously imposed a sentence of 46 months on all counts of conviction, to be served concurrently.  The defendant's arguments that his sentence would be different on resentencing apply only to count one; accordingly resentencing is not necessary.  If, however, the Court proceeds with resentencing in this case, the United States recommends that the Court reimpose a sentence of 46 months on all counts, to be served concurrently.  Although the factors the Court is to consider under 18 U.S.C. § 3553(a) weigh in favor of a higher sentence, the United States

submits that, for equitable reasons, the defendant should not be subject to a higher sentence upon post *Booker* remand than was originally imposed.

DATED this 8th day of May, 2006.

          THOMAS E. MOSS
          United States Attorney

          _____

          /s/ Wendy J. Olson
          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Government's Opposition to Resentencing was served on all parties named below this 8th day of May, 2006.

   \_\_\_ United States Mail, postage prepaid

   \_\_\_ Hand delivery

   \_\_\_ Facsimile Transmission (fax)

   \_\_\_ Federal Express

   _x_ ECF Filing

Charles F. Peterson
Peterson Law Offices
913 West River Street, Suite 420
Boise, Idaho 83702

             _____
             /s/ Wendy J. Olson